IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JACOB BIG SOLDIER, JR., DEANNA )
GOODEAGLE, AND LATISHA EASLEY, )
                                                )
      Petitioners,            )
                                                )
                                                )     No. CIV-16-958-M
v.                               )
                                                )
CHARLIE DOUGHERTY, Sheriff, et al., )
                                                )
      Respondents.          )

## REPORT AND RECOMMENDATION

Petitioners, appearing with counsel, have filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be dismissed without prejudice upon filing.

Petitioners GoodEagle and Easley allege that they were arrested at Iowa tribal headquarters on August 19, 2016, and Petitioner Big Soldier alleges he was arrested on the same date by a Lincoln County law enforcement officer at the Lincoln County Jail "when he went to see about posting bond" for Petitioners GoodEagle and Easley. Petitioners state in

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

their Petition that they are being detained in the Lincoln County Jail "for allegedly violating an Iowa tribal district court gag order by speaking to attorney Peggy Big Eagle" concerning an Indian Child Welfare Act case pending in that tribal court. Petitioners allege that their arrest and detention violates "tribal, state and federal Constitution and the Indian Child Welfare Act." As relief, Petitioners request "an immediate hearing for petitioners to obtain their liberty," service of process by the United States Marshals Service, and a "reasonable attorney fee of $10,000 at $200/hour against defendants and each of them."

Respondents named in the Petition include Mr. Dougherty, in his capacity as the Sheriff of Lincoln County, Oklahoma; Mr. Jeremy McGill, in his capacity as the Chief of Police of the Iowa Tribe; Ms. Lisa Otipoby, in her capacity as a judge for the Iowa Tribal District Court; Mr. Phil Lujan, in his capacity as a judge for the Iowa Tribal District Court; Mr. Charles Tripp, in his capacity as a tribal prosecutor; and Ms. Patricia Rowe, in her capacity as the court clerk for the Iowa Tribal District Court.

The Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301-1304, authorizes habeas corpus actions by any detainee to test "the legality of his [or her] detention by order of an Indian tribe." A writ of habeas corpus is the sole avenue of relief in federal court for violations of the ICRA. Valenzuela v. Silversmith, 699 F.3d 1199, 1203 (10th Cir. 2012); White v. Pueblo of San Juan, 728 F.2d 1307, 1311 (10th Cir. 1984).

A federal court reviewing such an action must first determine whether the petitioner has exhausted tribal remedies. See Dry v. CFR Court of Indian Offenses for the Choctaw Nation, 168 F.3d 1207, 1209 (10th Cir. 1999). The Supreme Court has "often recognized that

2

Congress is committed to a policy of supporting tribal self-government and self-determination," and this "policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge." National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). Thus, exhaustion of tribal remedies is generally required prior to review in federal court of a habeas action challenging tribal court proceedings. Exhaustion of tribal remedies may not be required in instances where "an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith . . . , or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." Id. at 856 n. 21.

Petitioners assert that they have attempted to file, through a representative, a "Motion to Set Aside the Permanent Gag Order," but that Respondent Rowe refused to file the Motion because Petitioner's representative was not a member of the tribal bar although her application is pending. Petitioners assert that they are being held in the Lincoln County Jail without any documentation of the basis for their detention or means to obtain their freedom, but Petitioners also acknowledge that "[t]ribal courts commonly require cash bonds" and that they are aware they are being detained for allegedly violating a tribal court order. Under these circumstances, it does not appear that exhaustion of tribal remedies would be futile.

Accordingly, the habeas action should be dismissed without prejudice for failure to exhaust tribal court remedies.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE for failure to exhaust tribal remedies. Petitioners are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by     September 20th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   31st    day of   August  , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE